IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00809-F

| ARTHUR O. ARMSTRONG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND RECOMMENDATION** |
| DONALD W. STEPHENS and COLON WILLOUGHBY, | ) | |
| Defendants. | ) | |

This cause comes before the Court upon a pro se complaint filed by Plaintiff (DE-1), which was referred to the undersigned for a memorandum and recommendation on whether Plaintiff has complied with the pre-filing injunctions issued by this Court in In re Armstrong, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006) and Armstrong v. Easley, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd*, No. 07-1045 (4th Cir. May 3, 2007). (DE-4).

Plaintiff's persistent filing of frivolous documents compelled this Court to enter a standing order to curtail his repeated litigation abuses without unduly restricting his access to the Court. Under the January 18, 2006 pre-filing injunction, any complaint filed by Plaintiff "must specifically identify the law(s) which plaintiff alleges was (were) violated and must allege all facts with specificity." The pre-filing injunction also requires the Court to determine whether the complaint is "repetitious and/or frivolous."

In his instant complaint, Plaintiff seeks to bring an action pursuant to 42 U.S.C. §§ 1983, 1985 & 1986 against Wake County Superior Court Judge Donald Stephens and Wake County District Attorney Colon Willoughby. Plaintiff alleges that Willoughby and Stephens conspired to go in disguise on the premise of the courthouse for the purpose of

depriving, either directly or indirectly, the plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws; or for the purpose of hindering or preventing the constituted authorities within any State or Territory from giving or securing to the plaintiff within any State or Territory the equal protection of the laws when the defendants acted with reckless indifference and wanton disregard for the truth or falsity and the rights of Plaintiff and others when defendants acted with, including but not limited to: arbitrariness, extortion, racketeering, capriciousness, defamation, obstruction of justice, kidnapping, malice, gross negligence, trickery, falsity, racial conspiracy, carjacking, oppression, misrepresentation, deceit, fraud, RICO, racial profiling when defendant Colon Willoughby, without probable cause. acted with malicious prosecution proceeding with a NO CASE scenaria [sic]; and gross negligence in acting with active connivance in the making of the DWI and DWLR false reports and other conduct amounting to official discrimination clearly sufficient to constitute denial of rights protected by the Equal Protection Clause in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. Defendant Donald W. Stephens, without probab1e cause and a complete lack of any proof or fact, remote1y, acted with active connivance in the making of the DWI and DWLR false reports and other conduct amounting to official discrimination clearly sufficient to constitute denial of rights protected by the Equal Protection Clause and sentenced the plaintiff [to] 7 active days in jail and a twelve month suspended sentence without due process of law in violation of the Fourth and Fourteenth Amendments to Constitution of the United States.

Compl. ¶ 9, DE-1. Plaintiff seeks thirty-five million dollars ($35,000,000.00) in compensatory and punitive damages. The undersigned concludes that Plaintiff's complaint is frivolous and should be dismissed.

A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. This Court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. When a federal court is evaluating a pro se complaint, the plaintiff's allegations

are assumed to be true. Erickson, 551 U.S. at 93. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts setting forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). *See also* Brown v. EEOC, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006) ("[W]hile the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel.").

The instant complaint is chiefly gibberish. Because most of the complaint is indecipherable, Plaintiff fails to "allege all facts with specificity" as required by the pre-filing injunction. Further, from what few facts may be gleaned from the complaint, Plaintiff's claims appear to be based on meritless legal theories. First, Plaintiff may not pursue his claims against Judge Stephens, because it is well-settled that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citations omitted). Judge Stephens' alleged act of sentencing Plaintiff for driving while impaired and driving with a revoked license are official judicial acts for which Judge Stephens is clearly entitled to immunity.

District Attorney Willoughby is likewise entitled to immunity from Plaintiff's action. Prosecutorial immunity extends to actions taken while performing "the traditional functions of an

3

advocate," Kalina v. Fletcher, 522 U.S. 118, 131 (1997), as well as functions that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). It is manifest that, in prosecuting Plaintiff for driving while impaired and driving with a revoked license, Willoughby is shielded from liability in his official capacity by the Eleventh Amendment and in his individual capacity by absolute prosecutorial immunity. *See* Nivens v. Gilchrist, 444 F.3d 237, 249-50 (4th Cir. 2006). Plaintiff has made no allegation that Willoughby was acting outside of his capacity as a prosecutor or advocate for the state. Nor can such an allegation be inferred from the complaint. Thus, District Attorney Willoughby is entitled to the protection of absolute prosecutorial immunity, and Plaintiff's claim against him is due to be dismissed.

Thus, in accordance with the pre-filing injunction, the undersigned RECOMMENDS the following:

(1) That Plaintiff's complaint be DISMISSED;

(2) That Plaintiff be SANCTIONED $350.00 (the amount of the filing fee); and

(3) That an appeal from this order would be frivolous.

*See, e.g.*, Armstrong v. Purdue, No. 5:11-CV-73-FL (E.D.N.C. Sept. 7, 2011) (dismissal order comparable to that recommended also based on pre-filing injunction).

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, January 11, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE